UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN GONZALO ARMIJOS SALINAS,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>ERIC ROKOSKY, *et al.*,<br><br>　　　　　　　　Respondents. | Civil Action No. 25-17914 (JXN)<br><br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

　　Before the Court is Petitioner Ivan Gonzalo Armijos Salinas' ("Petitioner") Emergency Motion to Compel the Return of Petitioner to New Jersey (ECF No. 3) and Motion for *pro hac vice* admission of attorney Celina B. Curillo to represent Petitioner in this matter (ECF No. 4).

　　On November 24, 2025, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Habeas Pet., ECF No. 1.) On November 26, 2025, the Court ordered Respondents to file an answer to the Petition and temporarily enjoined Respondents from transferring Petitioner from his detention facility in New Jersey during the pendency of this action. (*See* Order, ECF No. 2.)

　　According to Petitioner's Motion to Compel, at the time the Court entered its Order temporarily enjoining Petitioner's transfer from New Jersey, the Immigration and Customs Enforcement ("ICE") Online Detainee Locator listed Petitioner as detained in New Jersey. (Mot. to Compel ¶ 4, ECF No. 3.) Petitioner submits that although the detainee locator indicated Petitioner remained in New Jersey, he was in fact transferred to a detention facility in Arizona

approximately five hours before the Court issued the Order enjoining his transfer. (*Id.* ¶ 5.) Petitioner moves for the Court to order his immediate return to New Jersey. (*Id.* ¶¶ 8-9.) A search of the ICE detainee locator shows that Petitioner is detained at Ero El Paso Camp East Montana, in El Paso, Texas, as of December 1, 2025.[1]

Petitioner acknowledges that he was transferred from New Jersey prior to the Court's Order enjoining his transfer. Because Petitioner was in New Jersey at the time his habeas petition was filed, this Court's jurisdiction over this habeas matter is not affected by Petitioner's transfer. *See*, *e.g.*, *Rumsfeld v. Padilla*, 542 U.S. 426, 440-41 (2004); *see also Chavez-Rivas v. Olsen*, 194 F. Supp. 2d 368, 376 (D.N.J. 2002). Petitioner's transfer from New Jersey does not prevent this Court from considering his claims, nor does it affect the Court's ability to grant relief if the Court determines that some relief may be appropriate. As such, Petitioner's return to New Jersey is not required for the Court to retain jurisdiction over this matter. Petitioner's Motion to Compel will therefore be **denied *without prejudice***. However, pursuant to the Court's authority under the All Writs Act, 18 U.S.C. § 1561, Respondents shall not transfer Petitioner from his current detention facility. Further, Respondents shall confirm Petitioner's current detention location.

Petitioner has also filed a Motion for *pro hac vice* admission of attorney Celina B. Curillo. (ECF No. 4.) A motion for admission *pro hac vice* is governed by Local Rule 101.1(c), which provides, in relevant part:

> (1) Any member in good standing of the bar of any court of the United States or of the highest court of any state, who is not under suspension or disbarment by any court and is ineligible for admission to the bar of this Court under L.Civ.R. 101.1(b), may in the discretion of the Court, on motion, be permitted to appear and participate in a particular case. The motion shall contain a certified statement of the applicant disclosing each bar in which the applicant is a member in good standing including the year of admission and

---

[1] *Online Detainee Locator System*, U.S. Immigr. & Customs Enf't, https://locator.ice.gov/odls/#/results (last visited December 1, 2025).

the name and address of the official or office maintaining the roll of such members of its bar; . . . The motion shall also contain a statement certifying that no disciplinary proceedings are pending against the attorney in any jurisdiction and no discipline has previously been imposed on the attorney in any jurisdiction. . . . An attorney admitted *pro hac* vice shall have the continuing obligation during the period of such admission promptly to advise the Court of the disposition made of pending charges or of the institution of new disciplinary proceedings.

(2) The order of the Court granting a motion to appear *pro hac vice* shall require the out-of-state attorney to make a payment to the New Jersey Lawyers' Fund for Client Protection as provided by New Jersey Court Rule 1:28-2(a). This payment shall be made for any year in which the admitted attorney continues to represent a client in a matter pending in the Court.

(3) The order of the Court granting a motion to appear pro hac vice shall require the out-of-state attorney to make a payment of $250.00 on each admission payable to the Clerk, USDC.

(4) If it has not been done prior to the granting of such motion, an appearance as counsel of record shall be filed promptly by a member of the bar of this Court upon whom all notices, orders and pleadings may be served, and who shall promptly notify his or her specially admitted associate of their receipt. Only an attorney at law of this Court may file papers, enter appearances for parties, sign stipulations, or sign and receive payments on judgments, decrees or orders. A lawyer admitted *pro hac vice* is deemed to have agreed to take no fee in any tort case in excess of New Jersey Court Rule 1:21-7 governing contingent fees.

Loc. Civ. R. 101.1(c).

Here, Celina B. Curillo, Esq., who is seeking admission *pro hac vice*, has submitted a motion through local counsel of record, Susan G. Roy, Esq., which contains a certified statement from Attorney Curillo that comports with Local Civil Rule 101.1(c). (*See* Pro Hac Mot., ECF No. 4; Curillo Aff., ECF No. 4-1.) Attorney Curillo affirms that she is admitted to practice before the United States District Court for the District of Connecticut and the State of Connecticut, is a member in good standing, and has never had a disciplinary proceeding against her. (*See* Curillo Aff. ¶¶ 3-4.) Accordingly, Attorney Curillo will be permitted to appear *pro hac vice* in the above-

captioned matter in the United States District Court for the District of New Jersey pursuant to Local Civil Rule 101.1(c).

Accordingly

**IT IS**, on this 2nd day of December 2025,

**ORDERED** that Petitioner's Motion to Compel his return to New Jersey (ECF No. 3) **DENIED** *without prejudice*; and it is further

**ORDERED** that pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651, Respondents are **TEMPORARILY ENJOINED** from further transferring Petitioner from his current detention facility during the pendency of this action; this Order shall remain in effect pending further Order of the Court; and it is further

**ORDERED** that **within two days of the date of this Order**, Respondents shall notify the Court of Petitioner's current detention location; and it is further

**ORDERED** that the motion for *pro hac vice* admission of Celina B. Curillo, Esq. (ECF No. 4) is **GRANTED**; and it is further

**ORDERED** that Celina B. Curillo, Esq., a member in good standing of the bar of the State of Connecticut, be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to L. Civ. R. 101.1(c); and it is further

**ORDERED** that all pleadings, briefs and other papers filed with the Court shall be signed by Susan G. Roy, Esq., who is admitted to the Bar of this Court, and who shall be held responsible for said papers, for the conduct of the case, and the conduct of the attorney admitted *pro hac vice* pursuant to this Order; and it is further

**ORDERED** that unless previously paid for in the current calendar year, Celina B. Curillo, Esq., shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance

with L. Civ. R. 101.1(c)(2) and New Jersey Court Rule 1:28-2, within twenty (20) days from the date of the entry of this Order; and it is further

**ORDERED** that, pursuant to L. Civ. R. 101.1(c)(3), Celina B. Curillo, Esq. shall make a payment of $250.00 to the Clerk, United States District Court, within twenty (20) days from the date of the entry of this Order; and it is further

**ORDERED** that Celina B. Curillo, Esq., shall be bound by the Rules of the United States District Court for the District of New Jersey, including but not limited to the provisions of Local Civ. R. 103.1, *Judicial Ethics and Professional Responsibility*, and Local Rule 104.1, *Discipline of Attorneys*; and it is further

**ORDERED** that, pursuant to L. Civ. R. 101.1(c)(4), Celina B. Curillo, Esq., shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey Court Contingency Fee Rule, Rule 1:21-7, as amended; and it is further

**ORDERED** that local counsel may file a request with the Clerk of the Court for *pro hac vice* counsel to receive electronic notifications in this matter, the form of which is available at the Court's website; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the parties electronically.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge