UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IVAN GONZALO ARMIJOS SALINAS, <br><br> Petitioner, <br><br> v. <br><br> ERIC ROKOSKY, *et al.*, <br><br> Respondents. | Civil Action No. 25-17914 (JXN) <br><br> **OPINION** |

**NEALS**, District Judge

Before the Court is Petitioner Ivan Gonzalo Armijos Salinas' ("Petitioner") Motion to Enforce (ECF No. 12) this Court's Memorandum and Order (ECF No. 9) granting Petitioner's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention. Respondents filed a response. (ECF No. 15.) Having considered the parties' submissions in support of and opposition to the Motion to Enforce, the Court decides the Motion without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's Motion to Enforce is **DENIED**.

I.     BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a citizen of Ecuador, entered the United States without inspection in 2020 and has remained here since. (Habeas Pet. ¶¶ 42–43, ECF No. 1.) Five years later, on November 18, 2025, Immigration Customs and Enforcement ("ICE") agents arrested Petitioner. (*Id.* ¶¶ 43–44.) Following his arrest, Petitioner was detained at Delaney Hall, in Newark, New Jersey, without an

individualized bond hearing because he was held in mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.* ¶ 1.)

On November 24, 2025, Petitioner filed his Petition arguing that 8 U.S.C. § 1226(a), which authorizes release on bond after a hearing before an immigration judge ("IJ"), applied to his detention. (*See generally id.*) Following the Court's Order to Answer, Respondents submitted a response to the Petition on December 17, 2025 (ECF No. 7), and Petitioner replied (ECF No. 8).

On December 23, 2025, the Court issued a Memorandum and Order granting the Petition, finding Petitioner detained under 28 U.S.C. § 1226(a), and ordering Respondents to provide Petitioner with "an individualized bond hearing . . . before an immigration judge [to] assess whether [Petitioner] presents a flight risk or a danger to the community." (Mem. Order, ECF No. 9.) The Court ordered that the bond hearing take place no later than December 31, 2025. (*See id.*)

On December 31, 2025, Respondents informed the Court that on December 30, 2025, Petitioner was provided with an individualized bond hearing, wherein the IJ denied Petitioner bond, finding him to be a flight risk. (ECF No. 11.) On the same day, Petitioner filed a Motion to Enforce Judgment, arguing the immigration judge ("IJ") "refused to exercise jurisdiction, treated Petitioner as categorically ineligible for bond, failed to conduct a meaningful individualized analysis, and did not engage with the extensive, unrebutted evidence submitted on Petitioner's behalf." (Mot. to Enforce at 5, ECF No. 12-1.)

Respondents filed a response, arguing that Petitioner has failed to show that his bond hearing was "fundamentally unfair." (*See* Resp., ECF No. 15.)

II.     **LEGAL STANDARD**

Habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has

2

jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Petitioner has the burden to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

### III.   DISCUSSION

In his Motion, Petitioner argues that IJ failed to comply with this Court's order that Petitioner be provided with an individualized bond hearing under § 1226(a) because the IJ "refused to exercise jurisdiction, treated Petitioner as categorically ineligible for bond, failed to conduct a meaningful individualized analysis, and did not engage with the extensive, unrebutted evidence submitted on Petitioner's behalf." (Mot. to Enforce at 5, 7–10.) Petitioner argues that the IJ treated him as "categorically ineligible for bond." (*Id.* at 7.) Finally, Petitioner argues that the IJ's alternative finding that Petitioner is a flight risk was unsupported by an "individualized analysis of the record and was made after the [IJ] had already declined to exercise jurisdiction." (*Id.*)

This Court lacks jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). A bond hearing is fundamentally fair if the noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) [is] allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Id.* at *2 (second alteration in original).

The Court has reviewed the bond hearing transcript and finds that the IJ did not abuse his discretion in deeming Petitioner had not met his burden of proving that Petitioner was not a flight risk. As noted above, Petitioner appeared before the IJ on December 30, 2025. The IJ concluded that Petitioner was a flight risk and denied Petitioner bond. (*See generally* Hearing Tr., ECF No. 15-1.) The IJ noted Petitioner's counsel submitted evidence in support of the bond application. (*Id.* at 2:11–19.) Petitioner's counsel argued that Petitioner had a U.S. citizen fiancé and aunt, that he submitted letters of support, and that he had no arrests or convictions. (*Id.* at 2:22–3:18.)

The IJ questioned Petitioner's counsel regarding what relief Petitioner is entitled to in his underlying immigration proceedings. (*Id.* at 5:21.) Counsel was unable to answer that question, noting that he had not taken Petitioner's merits case and was only retained for bond purposes. (*Id.* at 5:23–25.) The IJ then denied bond finding:

> [Petitioner], sir, the issues that I have with your case are your manner of entry and also your speculative relief. Those issue have not -- your relief hasn't been identified and that is a really big portion of your case. There is also current case law from the Board of Immigration Appeals that states that due to your manner of entry you are considered to be an applicant seeking admission. That case law has, has resulted in the Court identifying it lacks a jurisdiction to issue a bond in your case. Even if the, the Court were found to have jurisdiction, I would find you'd be flight risk for your manner of entry and your speculative relief. For those reasons, sir, I would deny bond in your case.

(*Id.* at 6:4–12.)

Based on the Court's December 23, 2025, Memorandum and Order finding that Petitioner shall be treated as detained under 28 U.S.C. § 1226(a) (*See* Mem. Order), Petitioner is correct that the IJ incorrectly found that he did not have jurisdiction to issue bond. However, the IJ provided an alternate reason for the denial of bond. The IJ held, alternatively, that Petitioner was not entitled to release because he was a flight risk based on his inability to identify what relief he was entitled

4

to in immigration court and based upon his manner of entry into the country. (Hearing Tr. at 6:4–12.)

Petitioner's challenge to the IJ's finding that Petitioner poses a flight risk is a challenge to the judge's credibility determination and weighing of the evidence, which are discretionary determinations beyond this Court's review. 8 U.S.C. § 1226(e); *see also Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.") This Court does not express any opinion on whether Judge Williams came to the correct conclusion, but the record compels a finding that Petitioner received the individualized bond hearing as required under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(d)(1). Any challenge to Judge Williams' denial of bond must be presented to the Board of Immigration Appeals.[1]

## IV.   CONCLUSION

For the reasons set forth above, the Motion to Enforce (ECF No. 12) is **DENIED**. An appropriate Order accompanies this Opinion.

**DATED**: 2/27/2026

JULIEN XAVIER NEALS
United States District Judge

---

[1] The Court notes that it previously ordered that the Government must treat Petitioner as subject to immigration detention only under 8 U.S.C. § 1226(a) unless and until Petitioner receives an administratively final order of removal. As such, Petitioner may file a request for a bond redetermination before an immigration judge. The Court further notes that based on the transcript of the proceedings before the IJ, the Government did not disclose on the record to the IJ that this Court entered an order *rejecting* the BIA's interpretation of the statute and *requiring* a bond hearing. (*See* Hearing Tr. at 3:22–25.)